Reade, J.
 

 Under our statute it is a felony punishable with death to “ unlawfully and carnally know and abuse any female child under the age of ten years.” Of this crime the prisoner has been convicted, and the enormity of the crime has only made us the more careful to see that his conviction was proper.
 

 There was evidence offered'tending to show that the child, upon whom the crime was alleged to have been committed, was under ten years of age. There was no objection to this evidence until after the jury returned their verdict. The prisoner then excepted to the evidence. The exception came too late, and could not avail the prisoner if it were clear that the exception would have been sustained if taken in apt time. But the exception could not be sustained if it had
 
 *303
 
 been taken in apt time. It seems that the exact age of the child was not known, and two medical experts were examined and gave their
 
 opinion
 
 that she was under ten years of age. We think that this was proper.
 

 The prisoner asked his Honor to charge the jury that there was
 
 no
 
 evidence of sufficient penetration to constitute the crime.
 

 His Honor could not have charged that there was
 
 no
 
 evidence of penetration, for there were the declarations to that effect of the child herself, and the opinions and statement of facts by two experts; and his Honor charged the jury that
 
 actual
 
 penetration was necessary to constitute the crime, but that no particular depth of penetration was necessary.'
 

 There are no grounds for a
 
 venire de novo.
 

 The prisoner moved in arrest of judgment, because the indictment did not charge that the prisoner did
 
 ravish
 
 the child. It was not necessary so to charge. If the consent of the child had been proved, it would have availed the prisoner nothing. The offense consists not in ravishing, but in
 
 carnally Tmoioing
 
 and
 
 abusing
 
 the child. There is no ground to arrest the judgment.
 

 There is no error in the record.
 

 Let this opinion be certified to the Criminal Court of Law of New Hanover, that said court may proceed to judgment and execution according to law.
 

 Per Curiam. There is no error.